# PHILLIPS DAYES
NATIONAL EMPLOYMENT LAW FIRM
*A Professional Corporation*

3101 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
Telephone: 1-800-JOB-LAWS
docket@phillipsdayeslaw.com
TREY DAYES, No. 020805
SEAN DAVIS, No. 030754
(602) 288-1610 ext. 301
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Judy Hoelscher; | Case No.: _____ |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Americans for Prosperity Foundation, a Delaware corporation | **JURY DEMAND** |

Plaintiff Judy Hoelscher, for her Complaint against Defendants, alleges as follows:

## NATURE OF THE CASE

1.     The Fair Labor Standards Act is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. *See* 29 U.S.C. §§ 206(a), 207(a).

2.     Employers must compensate employees for all work that employers permit employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of

employers' management to ensure that work is not performed if management does not desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

3.     Plaintiff brings this action against Defendants for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

4.     Defendants had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

5.     Plaintiff seeks to recover unpaid overtime compensation and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

6.     Plaintiff also seeks to recover Plaintiff seeks to recover unpaid wages and an award of treble damages, including interest thereon, statutory penalties, attorneys' fees, and costs pursuant to A.R.S. §§ 23-355 and 12-341.01.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

8.     This Court also has supplemental jurisdiction over the state law claims.

9.    Venue is proper under 28 U.S.C. § 1391(b) because Defendants reside within the State in which this District Court is located and because a substantial part of the events or omissions giving rise to this matter occurred in this District.

10.   The named Defendants, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

## PARTIES

11.    At all times material hereto, Plaintiff was a resident of Maricopa County, Arizona.

12.    At all times material hereto, Americans for Prosperity Foundation was incorporated in the State of Delaware but has locations nationwide, including locations in Arizona.

13.    At all relevant times, Plaintiff was an "employee" of Defendants, as defined by 29 U.S.C. § 203(e)(1) and by A.R.S. §§ 23-350 or 23-362(A) (Version 2).

14.    The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to Defendants.

15.    At all relevant times, Defendant was and continues to be an "employer" as defined in 29 U.S.C. § 203(d) and in and in A.R.S. §§ 23-350 or 23-362(B) (Version 2).

16.    Defendant is an "employer" for purposes of the FLSA including, without limitation, 29 U.S.C. § 216 and in A.R.S. §§ 23-350 or 23-362(B) (Version 2).

17.   At all times material to this action, Defendants was and continues to be an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

18.   Plaintiff engaged in commerce or in the production of goods for commerce and is therefore individually covered under the FLSA pursuant to 29 U.S.C. §§206(a), 207(a)(1), 212(c).

19.   On information and belief, at all relevant times, the annual gross revenue of Defendants exceeded, and continues to exceed, $500,000.00.

## FACTUAL BACKGROUND

20.   Americans for Prosperity Foundation is one of the many political advocacy groups created and funded by the Koch brothers.

21.   Americans for Prosperity Foundation uses various forms of advocacy to influence public opinion on political issues, including candidates, propositions, and other hot-button issues during the election season.

22.   Americans for Prosperity Foundation hired Plaintiff in January of 2014 as a political field associate.

23.   Plaintiff was an employee of Defendant.

24.   As a field associate, Plaintiff would reach out to political clubs and individuals to recite to them predetermined scripts created by Defendant which advocate the political position of Americans for Prosperity Foundation.

25.   Plaintiff had no authority to decide who she spoke with or what she said, she had to follow the complete directions of Defendant.

26.   During election season, Plaintiff would also go door to door to ensure that registered voters were educated on the issues and candidates and would follow up with the registered voters to ensure that they voted.

27.   Plaintiff would also perform "phone banking" tasks in which she would call registered voters and ask them predetermined questions to get a sense for how that particular registered voter was going to vote on Election Day.

28.   Plaintiff was hired to perform grass roots advocacy duties,  her job essentially boiled down to get in contact with as many registered voters as possible through the scripts created by Americans for Prosperity Foundation.

29.   Americans for Prosperity Foundation compensated Plaintiff on a bi-weekly salary.

30.   Defendant also agreed to reimburse Plaintiff for mileage as she had to constantly use her vehicle to travel to the homes of registered voters and to political clubs. Defendant, per the employment handbook, agreed to reimburse Plaintiff 56 cents per mile she traveled.

31.   Defendant simply decided to avoid having to pay overtime, they would misclassify Plaintiff as an exempt employee.

32.   Plaintiff was a non-exempt employee. She should have been paid an hourly rate, not salary.

33.   Plaintiff would follow a specific program created by the Defendants in her advocacy. She did not have the ability to deviate from Defendants' program.

34.   Plaintiff's work depended on efficiently presenting registered voters with Defendant's pre-determined scripts, her work depended on intelligence, diligence, and accuracy, and not invention, imagination, originality, or talent.

35.   Plaintiff simply followed set directives created by Defendants.

36.   Plaintiff had no supervision or management responsibilities.

37.   Plaintiff could neither hire nor fire employees.

38.   Plaintiff had no authority to exercise significant independent judgment on issues that affect the whole company when carrying out her job responsibilities.

39.   Defendants managed, supervised, and directed all aspects of Plaintiff's job duties and responsibilities.

40.   Plaintiff's primary duty was not the performance of work directly related to the management or general business operations of Americans for Prosperity Foundation or its' customers.

41.   Plaintiff's primary duty was not the performance of work requiring advanced knowledge in a field of science or learning that was acquired by a prolonged course of specialized intellectual instruction.

42.   Plaintiff did not perform work requiring advanced knowledge.

43.   Plaintiff did not perform work in a field of science or learning.

44.   Plaintiff did not have an advanced degree and was not required to have one to perform the work of a field associate.

45.   The knowledge required to perform the work of a field associate is not acquired by a prolonged course of specialized intellectual study.

46.   Plaintiff's work did not require consistent exercise of discretion and judgment.

47.   Plaintiff's work did not require her to analyze, interpret, or make deductions from varying facts or circumstances.

48.   Plaintiff's duties were carried out in a mechanical and routine manner and she had no authority to make independent decisions in performing those duties.

49.   Plaintiff's work did not require invention, imagination, originality, or talent.

50.   Plaintiff's work did not require creative or original analysis and interpretation.

51.   Plaintiff did not formulate, affect, interpret, or implement management policies or operating practices.

52.   Plaintiff did not carry out major assignments in conducting the operations of the business.

53.   Plaintiff did not have the authority to commit Defendant in matters that have significant financial impact

54.   Plaintiff did not have the authority to waive or deviate from established policies and procedures without prior approval.

55.   Plaintiff did not have the authority to negotiate and bind Defendant on significant matters.

56.   Plaintiff did not provide consultation or expert advice to management.

57.   Plaintiff was not involved in planning long- or short-term business objectives.

58.   Plaintiff did not investigate and resolve matters of significance on behalf of management.

59.   Plaintiff never represented the company in handling complaints, arbitrating disputes or resolving grievances.

60.   Plaintiff did not interview, select, or train employees.

61.   Plaintiff did not set and adjust rates of pay for individuals.

62.   Plaintiff did not maintain production or sales records for use in supervision or control.

63.   Plaintiff did not appraise employees' productivity and efficiency for the purpose of recommending promotions or other changes in status.

64.   Plaintiff did not handle employee complaints and grievances or discipline employees.

65.   Plaintiff was not an outside sales employee.

66.   Plaintiff's primary duty was not making sales or obtaining orders/contracts for services or the use of facilities for which consideration will be paid by the customer.

67.   Plaintiff simply followed an established script to inform registered voters of political issues, Plaintiff did not sell anything to registered voters.

68.   Plaintiff would work six to seven days each and every week, she would average at a minimum about ten to eleven hours of work each day.

69.   Each and every week that Plaintiff has worked her regular schedule, she has worked over forty hours in a week.

70.   By improperly classifying Plaintiff as an exempt employee, Defendants are depriving Plaintiff upwards of twenty to thirty hours of overtime pay each and every week.

71.   Pursuant to her employment agreement with Defendant, part of Plaintiff's compensation package was a mileage reimbursement.

72.   Plaintiff would receive 56 cents per mile she had to travel in her vehicle.

73.   Plaintiff's employment ended with Defendant on December 11, 2014.

74.   After Plaintiff's employment ended, Plaintiff turned in her final mileage reimbursement request. From July 2014 through December 2014, Plaintiff had traveled 8,726.71 miles in her vehicle for her work.

75.   Therefore, Plaintiff is owed wages in the form of mileage reimbursement in the amount of $4,886.96. As if the date of filing this complaint, Plaintiff has not been paid those wages.

76.   Defendant has no good faith basis to withhold those wages that are due to Plaintiff.

77.   Plaintiff has retained the law firm of Phillips Dayes National Employment Law Firm to prosecute her claims against Defendants on her behalf and has agreed to pay reasonable costs and attorney's fees in the prosecution of this matter.

**COUNT ONE**
**OVERTIME VIOLATION—29 U.S.C. § 207**

78.   Plaintiff incorporates and adopts paragraphs 1 through 77 above as if fully set forth herein.

79.   While employed by Defendant, Plaintiff regularly worked multiple hours of overtime per week.

80.   Plaintiff was a non-exempt employee.

81.   Defendant has intentionally and willfully failed and refused to pay Plaintiff overtime according to the provisions of the FLSA.

82.   On information and belief, Defendant further engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in accordance with 29 U.S.C. § 207.

83.   As the direct and proximate result of Defendant's violations of the FLSA, Plaintiff has suffered damages by failing to receive compensation in accordance with 29 U.S.C. § 207.

84.   Pursuant to 29 U.S.C. § 216, Defendant is liable to Plaintiff for an amount equal to one and one-half times her regular pay rate for each hour of overtime worked per week.

85.   In addition to the amount of unpaid wages owed to Plaintiff, she is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

86.   On information and belief, Defendant's conduct in failing to properly compensate Plaintiff, in violation of the FLSA, was willful.

87.   Defendant has not made a good faith effort to comply with the FLSA.

Plaintiff has been required to bring this action to recover her overtime compensation, and her statutory liquidated damages, and as the direct and foreseeable result of Defendants' conduct, Plaintiff has incurred costs and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendant:

    a.  Awarding Plaintiff overtime compensation in the amount due for all of her time worked in excess of forty (40) hours per week at a pay rate equal to one and one-half times Plaintiff's regular rate of pay while at work for Defendant, in an amount proved at trial;

    b.  Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    c.  Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

    d.  Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

    e.  Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

    f.  For such other and further relief as the Court deems just and proper.

## COUNT TWO
## FAILURE TO PAY WAGES

88.   Plaintiff incorporates and adopts paragraphs 1 through 87 above as if fully set forth herein.

89.   On information and belief, Defendant failed to pay Plaintiff "wages," as that term is defined by A.R.S. § 23-350, in the form of mileage reimbursements for the miles driven by Plaintiff in her vehicle while in the employ of Defendant.

90.   After Plaintiff's employment ended, Plaintiff turned in her final mileage reimbursement request. From July 2014 through December 2014, Plaintiff had traveled 8,726.71 miles in her vehicle for her work.

91.   Therefore, Plaintiff is owed wages in the form of mileage reimbursement in the amount of $4,886.96. As if the date of filing this complaint, Plaintiff has not been paid those wages.

92.   On information and belief, Defendants' failure to pay Plaintiff's wages was willful, unreasonable, and in bad faith.

93.   Pursuant to A.R.S. § 23-355, Plaintiff is entitled to an award of treble the amount of wages not paid by Defendants.

94.   Pursuant to, *inter alia*, A.R.S. § 12-341.01, Plaintiff is entitled to an award of attorneys' fees and costs incurred in this action.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in Plaintiff's favor and against Defendants:

A. Awarding Plaintiff regular compensation in the amount due to her for all of her time worked for which Defendants provided no compensation while at work for Defendants;

B. Awarding Plaintiff treble the amounts calculated pursuant to the preceding paragraph;

C. Awarding Plaintiff reasonable attorneys' fees pursuant to A.R.S. § 12-341.01;

D. Awarding Plaintiff costs and expenses reasonably incurred in this action;

E. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

F. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

G. For such other and further relief as the Court deems just and proper.

**COUNT THREE**
**DECLARATORY JUDGMENT**

95.   Plaintiff incorporates and adopts paragraphs 1 through 94 above as if fully set forth herein.

96.   Plaintiff and Defendants have an overtime compensation dispute pending.

97.   The Court has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

98.   Plaintiff is entitled to declarations, and requests that the Court make declarations as to the following matters and as to other matters deemed appropriate by the Court:

    a.   Defendants employed Plaintiff.

    b.   Defendants are engaged in an enterprise covered by the overtime provisions of the FLSA.

    c.   Plaintiff individually is covered by the overtime provisions of the FLSA.

    d.   Plaintiff was not an exempt employee pursuant to the FLSA.

    e.   Defendants failed and refused to make payments of overtime compensation to Plaintiff, in violation of the provisions of the FLSA.

    f.   Defendants' failures to pay overtime compensation to Plaintiff were willful.

    g.   Plaintiff is entitled to damages in the amount of overtime compensation not paid by Defendants at the rate of one and one-half times Plaintiff's regular rate of pay.

    h.   Plaintiff is entitled to an equal amount as liquidated damages.

    i.   Plaintiff is entitled to recover her costs and a reasonable attorney's fee incurred in prosecuting her claim.

99.   It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

100. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

    a.  Declaring, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, that the acts and practices complained of herein are in violation of the overtime and wage provisions of the FLSA;

    b.  Awarding Plaintiff her reasonable attorney's fees and the costs and expenses of the litigation pursuant to the FLSA; and

    c.  For such other and further relief as the Court deems just and proper

## DEMAND FOR JURY TRIAL

Plaintiff and all similarly situated employees hereby request that, upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated: August 12, 2015

Respectfully submitted,

**PHILLIPS DAYES NATIONAL EMPLOYMENT LAW FIRM PC**

By: /s/ Trey Dayes
        Trey Dayes
        Attorney for Plaintiff